Vicki L. PEREGOY, Appellant,

v.

LIBBY CORPORATION, Respondent.

No. WD 48793.

Missouri Court of Appeals,
Western District.

July 12, 1994.

---

George G. Allen, Jr., Kansas City, for appellant.

Clyde G. Meise, Kansas City, for respondent.

Before TURNAGE, P.J., and FENNER and HANNA, JJ.

FENNER, Judge.

Appellant, Vicki L. Peregoy, appeals the judgment of the trial court granting the motion for summary judgment of respondent, Libby Corporation (Libby). The court's order granted summary judgment against Peregoy on her claim of discrimination by Libby on account of Peregoy having exercised her rights under the workers' compensation law.

Peregoy was employed by Libby beginning in September of 1980. Peregoy worked in manufacturing, first as an assembler and then as an electrical assembler. As an electrical assembler, Peregoy worked on a machine that cut cable for use in manufacturing. On or about February 22, 1989, Peregoy injured her right index finger while operating the cable-cutting machine. Peregoy was off work for a few days after injuring her finger, and then she came back to work but had complications with her finger and was off work again because of the injury. Peregoy returned to a manufacturing job at Libby for a few days in October of 1989, but had to be off work again because of her finger. In approximately June of 1990, Peregoy returned to work at Libby, outside of manufacturing, in an office clerical position. Peregoy worked in the office for approximately six months until the middle of January of 1991, and then she was off work again because of infection in her finger. Peregoy maintains that she was able to return to work in July of 1991.

On August 13, 1991, Peregoy filed her workers' compensation claim against Libby. In her petition in this cause, Peregoy alleged that Libby had discriminated against her, in violation of section 287.780,[1] by not allowing her to return to work because of the fact that she filed a workers' compensation claim. Peregoy claimed that she had been either expressly or impliedly terminated by Libby.

On appeal, Peregoy argues that the trial court erred by granting summary judgment in favor of Libby because the record reflects genuine disputes in regard to material facts which preclude summary judgment.

The burden on a summary judgment movant is to show a right to judgment flowing from facts about which there is no genuine dispute. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). On appeal from a summary judgment, the record is viewed in a light most favorable to the non-moving party, and that party is granted the benefit of all favorable inferences. *Id.*

Section 287.780 provides that no employer shall discharge or in any way discriminate against any employee for exercising their rights under the workers' compensation law. An employer who violates this law is subject to civil suit for damages. § 287.780.

The action authorized by section 287.-780 has four elements: (1) plaintiff's status as employee of defendant before injury, (2) plaintiff's exercise of a right granted by Chapter 287, (3) employer's discharge of or

1. All statutory references are to RSMo 1986, unless otherwise expressly stated.

discrimination against plaintiff, and (4) an exclusive causal relationship between plaintiff's actions and defendant's actions. *Hansome v. Northwestern Cooperage Co.,* 679 S.W.2d 273, 275 (Mo. banc 1984).

■ The dispute in the case at bar is whether Peregoy was discharged or discriminated against and, if so, whether there was an exclusive causal relationship between her workers' compensation claim and the discharge or discrimination.

Considered in the light most favorable to Peregoy, the record reflects that Libby has a corporate policy of filling jobs in the company from within when its employees are qualified and interested. Furthermore, Libby recognized a seniority system that gave preference to long term employees in regard to promotion and reduction of the work force.

As a result of a reduction in production needs, Libby has laid off employees in the electrical assembly job classification. Peregoy is considered by Libby to be a laid off employee. However, there is a genuine dispute as to whether Peregoy has been discriminated against, or in effect terminated, because of her workers' compensation claim by virtue of Peregoy not having been provided another position within Libby for which she is qualified.

Peregoy stated in answer to interrogatories that Libby had rehired laid off employees from her department with less seniority. Peregoy further stated that employees from the department from which Peregoy was laid off were placed in other departments at Libby. Peregoy maintained that she had experience in and was qualified for many jobs within the various departments at Libby. Peregoy maintained contact with Libby while she was off work and inquired about job opportunities for herself. Peregoy also called it to Libby's attention that others had been hired while she had not.

In her deposition, Peregoy testified that the Director of Human Resources at Libby told her that if she had not filed a workers' compensation claim, there would possibly be a position for her. The record further reflects that during the time that Peregoy was laid off, sixteen people, with less seniority than Peregoy, were recalled to work from laid off status. While twelve of these people were recalled to the same department from which they were laid off, four were recalled to other departments.[2] The record also showed that during the time that Peregoy was laid off, 29 new employees were hired by Libby.

Libby argues that since Peregoy claimed in her workers' compensation action that she was 100% totally disabled, it could not have improperly discharged or discriminated against her in failing to provide her employment. Libby's argument is that if Peregoy was incapable of working, it had no obligation to employ her. Peregoy's claim of disability is a relevant factor, but it is not determinative. The record reflects that Peregoy was ultimately given a disability rating of 22.5% permanent partial disability of the body as a whole and was found to be able to return to gainful employment.

Furthermore, in spite of her alleged 100% disability, Libby offered Peregoy a job just before her workers' compensation action went to hearing in September of 1992. Peregoy's refusal of this job offer is also a relevant factor, but it is not determinative as to whether she had previously been discriminated against or continued to be discriminated against by Libby because of her workers' compensation action.

At a minimum, the record reflects that Peregoy attempted to be reemployed by Libby from July of 1991 to September of 1992. During that period of time, according to Peregoy, she was told that her job chances at Libby would have been better if she had not filed a workers' compensation claim. Furthermore, during this period others were hired by Libby in positions for which Pere-

---

**2.** Libby maintained that it was corporate policy to only recall personnel to the same department from which they were laid off. Libby also maintained that under its policy, personnel within a given department have a priority to be recalled

goy claims she should have been considered.[3] There are genuine issues of material fact as to whether Peregoy was discriminated against because of her workers' compensation claim and summary judgment was improper.

Judgment reversed and cause remanded for further proceedings.

All concur.

to that department regardless of the seniority of personnel laid off from other departments.

**3.** The record does not reflect what the qualifications were for these positions. Peregoy claims that she was qualified.